**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**BOB AND ELIZABETH FORTUNE**                                           **PLAINTIFFS**

**VS.**                                            **CIVIL ACTION NO.: 3:14-cv-105-JMV**

**TAYLOR FORTUNE GROUP, LLC**                                         **DEFENDANT**

**ORDER**

This matter is before the court, *sua sponte*, to dismiss this cause of action for lack of federal jurisdiction as explained hereafter.[1] Such dismissal may be avoided by an amendment of the pleadings within seven (7) days of this order, asserting an appropriate basis for federal court jurisdiction.

The complaint in this case purports to found federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332, but it does not adequately identify the citizenship of the parties. "The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F.Supp.2d 805, 807 (W.D. Tex., 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)). The complaint merely states Taylor Fortune Group, LLC is a Louisiana limited liability company, with no reference to the citizenship of its members. For diversity jurisdiction purposes, a limited liability company's citizenship is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Thus, it does not appear on the face of the complaint that this court has subject matter jurisdiction. As noted, this defect may be corrected by the filing, within seven (7) days of this order, of an amended pleading asserting

---

[1] Although Defendants have not argued a failure in this respect, the court must make an independent inquiry into its jurisdiction. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

the citizenship of the parties and establishing complete diversity. Failure to do so will result in the court dismissing the complaint for lack of subject matter jurisdiction.

**SO ORDERED** this, the 23rd day of September, 2014.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**