IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BOB AND ELIZABETH FORTUNE                           PLAINTIFFS

VS.                                                          CIVIL ACTION NO.: 3:14-cv-105-JMV

TAYLOR FORTUNE GROUP, LLC                              DEFENDANT

## ORDER

This matter is before the court on Plaintiffs' motion to alter judgment pursuant to Federal Rule of Civil Procedure 59. For the reasons explained hereafter, the court finds the motion is not well taken and should be denied.

## Procedural Background

This matter arises from an alleged oral agreement by Defendant to assume the debt of a person who is not a party to this action. Specifically, in the original May 16, 2014, complaint, Plaintiffs asserted they were third party beneficiaries of their son's alleged oral agreement with the Defendant. In this oral agreement, the Defendant agreed to pay to Plaintiffs the sums owing them from their son as a result of a sale of their business to him years earlier. In the original complaint, Plaintiffs sought to proceed on a breach of contract claim. *See* Compl. [1]. On August 4, 2014, Defendant moved to dismiss the original complaint for failure to state a claim, arguing Louisiana substantive law applied to this contract dispute and a claim for breach of an alleged oral agreement does not state a claim under Louisiana law. *See* Def.'s Mot. to Dismiss [8]. Plaintiff responded, arguing first that the complaint stated a cause of action under either Mississippi law or Louisiana law. *See* Resp. to Def.'s Mot. to Dismiss [14] at 3-5. Regarding a choice of law analysis, Plaintiffs correctly noted: "The Fifth Circuit has stated that 'Mississippi's

choice-of-law test[1] includes three steps: (1) determine whether the laws at issue are substantive or procedural; (2) if substantive, classify the laws as either tort, property or contract; and (3) look to the relevant section of the Restatement (Second) of Conflict of Laws.' *Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 225-26 (5th Cir. 2010)." *Id.* at 4. Plaintiffs further represented:

> The first two steps are not at issue. The laws at issue are substantive and the laws are contractual in nature.
> The third step is more cumbersome. The Restatement (Second) of Conflict of Laws § 188 Section (2) states that "In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place of contracting,(b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. These contacts are to be evaluated according to their relative importance with respect to the particular issue." The place of contracting and negotiation favor the use of Louisiana law while the place of performance favors Mississippi. The location of the subject matter of the contract is in Mississippi as well because the contract revolves around the debt from the sale of a Mississippi business. The final factor is split as the Plaintiffs reside in Mississippi and the Defendant is incorporated in Louisiana.
> The Fifth Circuit in previous cases has determined that 'the place of contracting and place of negotiation [Louisiana in this case] are often relevant to disputes involving contract interpretation.' … The Plaintiffs submit this is not the case in this matter. *The question presented here is one of contract formation* and the Defendant's conduct that should invoke the exceptions to the Statute of Frauds. For these reasons, Plaintiffs feel that Mississippi law should govern the contract.

*See id.* at 4-5 (emphasis added). In its September 30, 2014, order on the motion to dismiss, this court engaged in a full choice of law analysis under the Mississippi choice of law test as well as determined whether the existing claims would survive the motion to dismiss under the applicable state's substantive laws. This court ruled Louisiana substantive law was applicable in this case

---

[1] To determine which state's substantive laws apply, the court must apply the choice of law rules of the forum state. *Trinity Yachts, LLC v. Thomas Rutherford, Inc.*, No. 1:11CV507–LG–JMR, 2013 WL 820231, at *3 (S.D. Miss. 2013) (citing *Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 225 (5th Cir. 2010)).

and the original complaint did not state a cognizable cause of action under that law. Specifically regarding the applicable substantive law, the court explained:

> "Mississippi courts, in analyzing a case for choice of law purposes, seek to determine the center of gravity of a dispute and apply the law of the place which has the most significant relationship to the event and parties or which … has the greatest concern with the specific issues." *Hartford Underwriters Ins. Co. v. Foundation Health Servs. Inc.*, 524 F.3d 588, 593-94 (5th Cir. 2008). For contract disputes such as this one, the factors most relevant to this decision are the place of contract negotiation and contract formation. *Id.*
>
> In the instant case, the place of contracting was Louisiana. The place of negotiation was Louisiana. The place of performance was also Louisiana in as a much as the alleged obligor is a company with its principal place of business in Louisiana – the apparent location from which any alleged payment obligations are satisfied. Plaintiffs' assertion that the subject matter of the contract is in Mississippi "because the contract revolves around the debt from the sale of a Mississippi business" is suspect. Though the original debt allegedly arose in connection with the sale of stock of a Mississippi corporation to a Tennessee company, the subject oral agreement arose most immediately from the sale of assets of a Tennessee company to a Louisiana company. Finally, while the Mississippi-resident Plaintiffs claim to be third party beneficiaries of the alleged oral contract, the actual parties to the contract at issue are neither from Mississippi and at least one is a citizen of Louisiana. Therefore, Louisiana substantive law will govern this case.

*See* Order on Mot. to Dismiss [31] at 4-5. However, the court permitted Plaintiffs an opportunity to move to amend their complaint to frame a legally cognizable action under substantive Louisiana law. *See id.* at 7; *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice….").

Plaintiffs initially filed an amended complaint rather than a motion to amend the complaint. *See* Second Am. Compl. [33]. The court reminded Plaintiffs the previous order of the

court did not instruct them to file an amended complaint but, rather, gave them the opportunity to file a motion to amend. *See* Text Order dated October 6, 2014. Such motion to amend was filed on October 7, 2014. Despite the court's earlier ruling that the original claim for breach of oral contract did not state a cause of action under Louisiana law, Plaintiffs nevertheless re-alleged (1) the original claim for breach of an oral contract and alleged (2) a new claim for detrimental reliance under Louisiana Civil Code Article 1967. *See* First Mot. to Amend Compl. [34].

The court's prior order on the motion to dismiss already held the breach of oral contract claim failed to state a cognizable claim under applicable Louisiana law. *See* Order on Mot. to Dismiss [31]. Therefore, the court's order on Plaintiffs' motion to amend the complaint pointed out it was only necessary to address whether Plaintiffs' new detrimental reliance claim based on Louisiana law stated a claim. *See* Order Den. Mot. to Amend Compl. [36]. To decide whether to allow the amendment, the court applied the Rule 12(b)(6) standard for legal sufficiency and found the claim for detrimental reliance asserted pursuant to Louisiana Code § 1967 to be futile. *Id.* at 1-3. Accordingly, the motion to amend was denied, and the case was dismissed. *Id.*

## The Instant Motion

On November 19, 2014, Plaintiffs filed a motion to alter judgment, requesting the court alter or amend its previous order based on Federal Rule of Civil Procedure Rule 59(e). *See* Pl.'s Mem. in Supp. of Mot. to Alter J. [38] at 1. Plaintiffs asserted the court's previous order of September 30, 2014, was "devoid of any discussion on why the Court chose Louisiana substantive law as the controlling law in the case." *Id.* at 4. Plaintiffs further submitted the court's error in applying Louisiana substantive law in the present case was based on a "manifest error of law or fact." *Id.* But, the argument in support was primarily verbatim from the Plaintiffs' prior response to the Defendants' motion to dismiss. Indeed, to the extent there are

differences, the Rule 59 motion to alter judgment concedes *more* contacts with Louisiana than the earlier response. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss [14] at 4-5 (asserting the contract at issue was performed in Mississippi); *but see* Pl.'s Mem. in Supp. of Mot. to Alter J. [38] at 7 (conceding the contract at issue was to be performed in *Louisiana* as well). Moreover, Plaintiffs' counsel asserts the location of the subject matter of the contract is in Mississippi "because the contract revolves around the debt from the sale of a Mississippi business." Pl.'s Mem. in Supp. of Mot. to Alter J. [38] at 5. However, the affidavit attached in support explicitly states the original sale of the business giving rise to the debt occurred "[o]n February 13, 2006, [when] I [Bob Fortune] sold my restaurant equipment business located in Memphis, Tennessee to my son … under the name of Fortune Equipment Company of Nashville, LLC." See Aff. in Supp. of Mem. in Supp. of Mot. to Alter J. [38-1] at 1. Further, it is undisputed that the more recent sale of the business was by a Tennessee limited liability company to a Louisiana limited liability company.

> As for the rule 59 relief requested, Plaintiffs asserted:
>
>> The Plaintiffs would request that this Court alter or amend its Order of October 23, 2014 (Docket No. 36), ordering the allowance of the amended complaint or to state that Mississippi substantive law controls the case at bar based on the arguments set forth below. In the alternative, The Plaintiffs request the Court amend the prior orders to include the relevant facts and law used by the Court to come to the conclusion that Louisiana substantive law controls.

Pl.'s Mem. in Supp. of Mot. to Alter J. [38] at 4.

## **Analysis**

As explained hereafter, Plaintiffs' assertions in support of the Rule 59 relief requested are demonstratively flawed. First, as noted, Plaintiffs' claim that the September 30 order was "devoid of any discussion of why the court chose Louisiana law" is simply inaccurate as

demonstrated above.  *See also* Order on Mot. to Dismiss [31] at 4-5.  Secondly, though the motion asserts the court's application of Louisiana substantive law is based on a manifest error of law or fact, no such erroneous law or erroneous fact is clearly identified.  Further, to the extent the error of fact or law is – as Plaintiffs' reply brief might suggest – the court's earlier finding that the contract was performed in Louisiana, the court directs Plaintiffs' counsel to their own brief representing that to be true (though they also contend some performance was in Mississippi). Thirdly, Plaintiffs' request for the court to amend the October 23, 2014, order to allow the amended complaint makes no practical sense.  The only new claim the amended complaint seeks to assert is one under Louisiana Code § 1967 – a law which Plaintiffs argue in their instant motion should *not* apply.  Finally, as had already been expressly pointed out to Plaintiffs, the court's September 30, 2014, order did not order Plaintiffs to file an *amended complaint* with causes of action based on Louisiana law.  *See* Order Den. Pl.'s Mot. to Amend Compl. [36] at 1-2.  Instead, the court merely allowed Plaintiffs an additional opportunity to *move to amend* the complaint to assert a claim under Louisiana substantive law.  *Id.*

The balance of Plaintiffs' Rule 59 memorandum is addressed to Mississippi's long arm statue.  However, there is no argument that this court lacks jurisdiction in this matter.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Alter Judgment is hereby **DENIED**.

**SO ORDERED** this, the 8th day of December, 2014.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**